UNITED STATES DISTRICT COURT
FILED
FEB 24 2020
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ANTHONY R. WIGGINS,

                              Plaintiff,

    -v-

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.

18-CV-978-MJR
DECISION AND ORDER

———————————————————————

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 19).

Plaintiff Anthony R. Wiggins brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security finding him ineligible for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Wiggins's motion (Dkt. No. 12) is granted, the Commissioner's motion (Dkt. No. 15) is denied, and this case is remanded.

## BACKGROUND

Wiggins previously filed an application for DIB and SSI benefits on June 26, 2013, which was denied initially on November 6, 2013. (T. 195).[1] On October 15, 2014, Wiggins filed an application protectively for DIB and SSI, alleging disability since June 21, 2011, due to diabetes mellitus and foot problems (Tr. 63). Wiggins's application was denied on

———

[1]     References to "Tr." are to the administrative record in this case.

March 31, 2015. (Tr. 16, 69, 83-97), and he requested a hearing before an Administrative Law Judge (Tr. 99). On March 21, 2017, Administrative Law Judge David J. Begley (the "ALJ") held a video hearing from Alexandria, Virginia. (T. 16, 34-60). Wiggins appeared in Buffalo, New York, along with his attorney. (Tr. 16). A vocational expert also testified via telephone at the hearing. (Tr. 56-59). At the request of Wiggins, the ALJ held open the case record for the submission of additional medical evidence. (Tr. 16). Wiggins submitted such evidence and it was considered by the ALJ. (*Id.*). On May 31, 2017, the ALJ issued his decision finding that Wiggins was not disabled as defined by the Act. (Tr. 13-31). On July 31, 2017, Wiggins requested review by the Appeals Council (Tr. 5), but on July 12, 2018, the Appeals Council denied his request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-5). This action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*,

312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.  *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets

the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot

adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Wiggins had not engaged in substantial gainful activity since June 21, 2011, his alleged onset date. (Tr. 19). At step two, the ALJ concluded that Wiggins has the following severe impairments: diabetes mellitus and hypertension. (*Id.*). At step three, the ALJ found that Wiggins does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 19-20). Before proceeding to step four, the ALJ assessed Wiggins's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform light work . . . except never climbing ladder, ropes, or scaffolds. He must avoid concentrated exposure to extreme cold. The claimant must avoid hazardous machinery, unprotected heights, and open flames.

(Tr. 20). Proceeding to step four, the ALJ found that Wiggins is capable of performing past relevant work as a security guard. (Tr. 26). Accordingly, the ALJ found that Wiggins has not been under a disability within the meaning of the Act from June 21, 2011, through the date of the ALJ's decision. (Tr. 27).

IV. *Wiggins's Challenge*

Wiggins argues that the ALJ erred by failing to reconcile adequately evidence in the record indicating that Wiggins has limitations on his ability to stand and walk with his (the ALJ's) conclusion that Wiggins can perform "light work." The Court agrees.

The Social Security regulations state that "light work" "requires a good deal of walking or standing" or "sitting most of the time." See 20 C.F.R. §§ 404.1567(b) and 416.967(b). The Medical-Vocational Rules of Appendix 2, S.S.R. 83-10, 1983 S.S.R. Lexis 30, at *13, 1983 WL 31251, at *5 (S.S.A. Jan.1, 1983), clarify that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

Here, Wiggins testified that he could not work because his diabetes is causing problems with his feet. (Tr. 42). He stated that he gets throbbing pain in his feet when he stands for extended periods. (Tr. 43). He further testified that he had recently moved to a new apartment because the old apartment had stairs, and having to ascend and descend the stairs caused him foot pain. (Tr. 44). He also stated that he wakes up periodically during the night due to foot pain. (Tr. 50). Wiggins described his foot pain as the nerves in his foot "pounding." (Tr. 51). He stated that he could stand, without a break, for only 25 to 30 minutes, and could walk for only one hour. (Tr. 54). He further stated that he soaks and elevates his feet daily. (Tr. 56).

On February 23, 2015, Wiggins underwent a consultative examination performed by Abrar Siddiqui, M.D. (Tr. 305-311). Dr. Siddiqui noted that Wiggins reported "pins and needles" type pain in both feet that prevents him from standing or walking for a long period

of time. (Tr. 306). Dr. Siddiqui reported that Wiggins walked slowly and declined to walk heels to toes due to bilateral foot pain. (Tr. 307). Dr. Siddiqui opined that "there is mild to moderate limitation in [Wiggins's] ability to stand, walk, climb, push, pull, and carry heavy objects." (Tr. 309).

Although the ALJ acknowledged and even credited most of this evidence, he failed to reconcile this evidence with his conclusion that Wiggins could perform "light work." In particular, the ALJ does not address, either expressly or implicitly, the "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" criteria contained in the clarifying rule. This leaves the Court in a position where it knows *what* the ALJ did, but not *why* he did it. See *Velez v. Berryhill*, No. 17-CV-06551 (BCM), 2018 WL 4609110, at *10 (S.D.N.Y. Sept. 25, 2018); see also *Napoleon v. Comm'r of Soc. Sec.*, No. 18-CV-180-FPG, 2019 WL 1894206, at *4 (W.D.N.Y. Apr.29, 2019). Accordingly, the case is remanded.[2]

---

[2] Wiggins argues that the case should be remanded solely for the calculation of benefits. The Court disagrees. On remand, the ALJ might very well be able to justify adequately his denial of benefits.

## CONCLUSION

For the reasons stated, Wiggins motion for judgment on the pleadings (Dkt. No. 12) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: February 24, 2020
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge